**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Great Divide Insurance Company,

Plaintiff,

v.

Supercool Services LLC, et al.,

Defendants.

No. CV-26-00697-PHX-KML

**ORDER**

Plaintiff Great Divide Insurance Company is an insurer for defendants Supercool Services LLC, Jimmy Frank Borbon, and Rebecca Rae Avelar. (Doc. 21 at 2.) Those insured parties entered into a settlement agreement with defendants Namaste TAT Enterprises LLC and Therese A. Koch (collectively with the insured parties, "defendants"), stipulating to a damages award from a dispute currently pending in Arizona state court. (Doc. 21 at 7, 18.) Great Divide filed the present action seeking a declaration that it is not liable for any insurance coverage to defendants, or alternatively requesting a trial on the reasonableness of the settlement agreement's stipulated damages award. (Docs. 1, 21.) Great Divide also filed an application for entry of default against the insured defendants per the court's instruction. (Doc. 31.) On behalf of themselves and the insured defendants, Namaste and Koch moved to dismiss. (Doc. 30.) Defendants also filed a motion to supplement their reply. (Doc. 35.)

Because abstention is proper under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), defendants' motion to dismiss is granted without leave to amend, Great Divide's

application for entry of default is denied, and defendants' motion to supplement is denied as moot.

## I. Background

Supercool performed renovations at a commercial property owned by Namaste. (Doc. 21 at 4.) Dissatisfied with the work, Namaste sued Supercool and the other insured parties in Arizona state court alleging a variety of state-law claims (Doc. 21 at 7). *Namaste TAT Enters. LLC v. Supercool Servs. LLC*, No. CV 2022-094532 (Ariz. Super. Ct. filed Oct. 11, 2022). The insured parties tendered defense and indemnity to Great Divide, their insurer. (Doc. 21 at 7.) Shortly after, Great Divide issued an initial position letter extending a defense to the insured parties but reserving its right to contest coverage under the policies issued to Supercool, Borbon, and Avelar. (Doc. 21 at 17.) Great Divide later withdrew its reservation of rights as to certain types of damages, meaning it agreed it would not contest whether the relevant policies actually covered those damages. (Doc. 21 at 18.) Specifically, Great Divide withdrew its reservation of rights for what were dubbed "resulting" damages to Namaste's property—"property damage" caused by an "occurrence" during the policy period either "resulting from" Supercool's work or "as a result of Supercool's failure to protect the structure from weather conditions." (Doc. 21 at 18.)

Defendants then entered into what Great Divide alleges was a *Morris* Agreement. (Doc. 21 at 18.) Under Arizona law, *Morris* Agreements are settlement agreements entered when an insurer reserves their rights to coverage but still provides a defense. (Doc. 30 at 6–7 (citing *USAA v. Morris*, 741 P.2d 246 (Ariz. 1987).) The parties to a *Morris* Agreement stipulate to a judgment. (Doc. 30 at 6.) The insured may then assign its rights to the claimant, who promises to pursue the stipulated damages from the insurer directly rather than from the insured party if the insurer denies coverage. (Doc. 30 at 6–7.) The stipulated damages figure remains subject to a reasonableness determination by the court. (Doc. 30 at 6.)

The alleged *Morris* Agreement between the insured parties (Supercool, Borbon, and Avelar) and claimants (Namaste and Koch) stipulated to damages of $2,964,894 "for

physical injury to tangible property resulting from [the Insureds'] defective workmanship." (Doc. 21 at 18.) The insured parties agreed to assign their insurance claims to claimants, and in exchange, the claimants promised to execute the stipulated judgment against Great Divide directly. (Doc. 21 at 18.) The state court intends to hold a hearing on the reasonableness of the stipulated damages amount in February 2027. Minute Entry, *Namaste TAT Enters. LLC v. Supercool Servs. LLC*, No. CV 2022-094532 (Ariz. Super. Ct. Sept. 14, 2026). By the state court's order, Great Divide has until November 13, 2026 to intervene in that action. Order, *Namaste TAT Enters. LLC v. Supercool Servs. LLC*, No. CV 2022-094532 (Ariz. Super. Ct. Sept. 18, 2026).

Now, in this court, Great Divide seeks a declaration that the so-called *Morris* Agreement is invalid and unenforceable as to Great Divide. (Doc. 21 at 19–20.) Alternatively, Great Divide seeks declaratory relief that it is not bound by any findings from the state court action and requests a trial to challenge the reasonableness of the *Morris* Agreement. (Doc. 21 at 20–21.) At this court's direction (Doc. 29), Great Divide also applied for entry of default (Doc. 31) because at the time of the court's order, defendants had not responded to the First Amended Complaint (Doc. 21) for 43 days. But on the same day Great Divide applied for entry of default, Namaste and Koch filed a motion to dismiss. (Doc. 30.)

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Courts may consider "matters of public

record" on a motion to dismiss, including court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

**III. Analysis**

Defendants moved to dismiss Great Divide's claims for failure to state a claim. They also argue the court should abstain from issuing a declaratory judgment under *Brillhart*, 316 U.S. 491. (Doc. 30 at 2.) Because *Brillhart* counsels abstaining, the court addresses only that issue.

"Generally, district courts have a virtually unflagging obligation . . . to hear jurisdictionally sufficient claims." *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 852 (9th Cir. 2011) (simplified). But when parties seek declaratory relief under the Declaratory Judgment Act, that obligation gives way to "considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). In particular, federal courts possess "unique and substantial discretion in deciding whether to declare the rights of litigants" when there are pending "parallel state court proceedings." *Id.* at 279, 286.

District courts' discretion to abstain is "not unfettered." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). In *Brillhart*, the Supreme Court set out three main factors to weigh when deciding whether to abstain: (1) "avoid[ing] needless determination of state law issues;" (2) "discourag[ing] litigants from filing declaratory actions as a means of forum shopping; and" (3) "avoid[ing] duplicative litigation." *Id.* at 1225 (simplified). The Ninth Circuit has suggested a slew of other factors may also be relevant, such as "whether the declaratory action will settle all aspects of the controversy"; will clarify "the legal relations at issue"; "is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage"; "will result in entanglement between the federal and state court systems"; is convenient to the parties; and "the availability and relative convenience of other remedies." *Id.* at 1225 n.5 (simplified) (Garth, J., concurring)). But *Brillhart's* three factors "remain the philosophic touchstone"

of the analysis. *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (simplified).

Here, each *Brillhart* factor favors abstention.

**A. Needless Determination of State Law Issues**

Courts should abstain from declaratory actions involving "unresolved" issues of state law "during the pendency of a related state court proceeding." *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1420, 1422 (9th Cir. 1997), *overruled on other grounds by Dizol*, 133 F.3d 1220; *see 757BD LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 330 F. Supp. 3d 1153, 1162 (D. Ariz. 2016). Principles of federalism—embodied here by a reluctance to decide unsettled state-law questions—are "particularly weighty" in insurance matters, where states typically exercise "a free hand in regulating the dealings between insurers and their policyholders." *Emps. Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995) (simplified), *overruled on other grounds by Dizol*, 133 F.3d 1220.

Adjudicating this action would raise an unsettled issue of Arizona law: whether *Morris* agreements that fail to allocate damages between covered and non-covered claims are enforceable. (Doc. 33 at 9 ("Arizona courts have not had the opportunity to consider the issue . . . where a [*Morris*] agreement[] consisting of covered and non-covered claims fails to allocate damages between the claims, the agreement is unreasonable and unenforceable as a matter of law.").) Great Divide recognizes the factual context of the *Morris* Agreement here squarely presents a question that is dispositive for this case and which Arizona courts have not decided (and so instead relies on Minnesota law in making its argument). (Doc. 33 at 9 (citing *Corn Plus Co-op. v. Cont'l Cas. Co.*, 516 F.3d 674, 681 (8th Cir. 2008)).) Whether to port Minnesota law over to Arizona doctrine governing *Morris* Agreements is a question best left to Arizona courts—especially where, as here, the pending "related state court proceeding" will present opportunities to address these matters. *Polido*, 110 F.3d at 1420.

As for the other issues Great Divide raised, the "*Brillhart* policy of avoiding unnecessary declarations of state law is especially strong" where state law governs all

substantive questions. *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d 1220. That is true of the entire First Amended Complaint; Great Divide's arguments turn exclusively on state law regarding *Morris* Agreements and relationships between insurers, their insureds, and claimants.

Because the First Amended Complaint presents only state-law questions governing insurance—one of which, by Great Divide's own admission, Arizona courts have not addressed—the first *Brillhart* factor favors abstention.

**B. Forum Shopping**

"Federal courts should generally decline to entertain reactive declaratory actions," which indicate forum shopping. *Dizol*, 133 F.3d at 1225. A prevalent "archetype" of reactive actions is when "an insurer file[s] a declaratory judgment action in federal court during the pendency of a non-removable state-court action presenting the same issues of state law, and the insurer d[oes] so merely to obtain a tactical advantage from litigating in a federal forum." *R.R. Street*, 656 F.3d at 976 (simplified). "Reactive litigation can occur in response to a claim an insurance carrier believes to be not subject to coverage." *Robsac*, 947 F.2d at 1372.

This action fits the bill. Great Divide filed its initial federal complaint in February 2026 (Doc. 1), less than two weeks after the state court granted Supercool's motion to enforce the Agreement (Doc. 30-1 at 2). *GEICO Indem. Co. v. Brown*, No. CV 11-0025-PHX-SMM, 2011 WL 2580394, at *5 (D. Ariz. June 29, 2011) (inferring forum shopping when insurer filed federal declaratory judgment action after adverse state court determination). Great Divide knew when it filed suit here that the state court would hold a hearing on the reasonableness of the Agreement's stipulated damages amount. (*See* Doc. 21 at 21.) That hearing is now set for February 17 and 18, 2027. Minute Entry, *Namaste TAT Enters. LLC v. Supercool Servs. LLC*, No. CV 2022-094532 (Ariz. Super. Ct. Sept. 14, 2026). Yet in this action, Great Divide seeks a declaration that the Agreement is unreasonable (Docs. 21 at 20; 33 at 9), directly answering the same question pending in state court. *MRH RNMA I Ltd. P'ship LLC v. Beck*, No. CV-17-01179-PHX-DGC, 2017

WL 4284577, at *3 (D. Ariz. Sept. 27, 2017) (dismissing federal declaratory action presenting issues at "the heart of" and "closely related to" state court proceedings). This attempt to preempt the state court is precisely the kind of forum shopping *Brillhart* sought to prevent.

Relatedly, another indication of forum shopping is the existence of "a procedural vehicle available to the insurance company in state court to resolve the issues raised." *Polido*, 110 F.3d at 1423. Great Divide has two vehicles. First, it could have filed this action in Arizona state court under the Arizona Declaratory Judgment statute, A.R.S. § 12-1831. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Aero Jet Servs., LLC*, No. CV-11-01212-PHX-DGC, 2011 WL 4708857, at *4 (D. Ariz. Oct. 7, 2011). Great Divide may also intervene in the current state-court action. In fact, the state court recently ordered Great Divide to "file a Motion to Intervene no later than November 13, 2026." Order, *Namaste TAT Enters. LLC v. Supercool Servs. LLC*, No. CV 2022-094532 (Ariz. Super. Ct. Sept. 18, 2026). That invitation appears to contemplate that Great Divide may contest reasonableness; the state court will "make a decision based on the Motion Regarding Reasonableness if Great Divide [] does not file a Motion to Intervene." *Id.* And Great Divide has offered no reason to believe that it will be forbidden from raising other issues concerning the Agreement. But rather than bringing those arguments in a consolidated fashion in state court, Great Divide has set the scene for a direct conflict between a federal and state court. That decision constitutes inappropriate forum shopping under *Brillhart*.

Great Divide counters that this action is not "reactive" because it is not a party to the state-court case. But the parties do not need to be identical for the court to find forum shopping: shared factual and legal issues can be sufficient. *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754–55 (9th Cir. 1996), *overruled on other grounds by Dizol*, 133 F.3d 1220; *Owners Ins. Co. v. Monte Vista Hotel*, No. CV 09-8095-PCT-MHM, 2010 WL 447343, at *3 (D. Ariz. Feb. 4, 2010). The outcome of the state proceedings will affect Great Divide's liability to claimants. Understanding this, Great Divide filed this action in reaction to those proceedings.

**C. Duplicative Litigation**

Federal courts should avoid adjudicating declaratory actions involving the same issues and factual circumstances as parallel state proceedings. *Dizol*, 133 F.3d at 1225 (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)); *Beck*, 2017 WL 4284577, at *4 (dismissing declaratory action because "another forum, already familiar with the complex background of the dispute, [wa]s available"). Here, this action arises from the same facts as the long-pending state-court proceeding. The enforceability and reasonableness of the Agreement against Great Divide will depend partially on what damages are covered (or not) under Great Divide's policies with Supercool, which will in turn depend on the facts of Supercool's allegedly botched construction project and Great Divide's withdrawal of its reservations of rights. That evidentiary record will already be before the state court in its upcoming reasonableness determination. Minute Entry, *Namaste TAT Enters. LLC v. Supercool Servs. LLC*, No. CV 2022-094532 (Ariz. Super. Ct. Sept. 14, 2026). And here too, that Great Divide is not currently a party to the state-court action does not save the federal case from duplicity. *Golden Eagle*, 103 F.3d at 754–55 ("It is enough that the state proceedings arise from the same factual circumstances."); *Owners Ins. Co.*, 2010 WL 447343, at *3. The parties need not be perfectly identical.

Great Divide also contends that the state-court proceedings will, "at most, resolve only the question of the reasonableness of the stipulated damages" in the Agreement. (Doc. 33 at 13.) Great Divide implies the state court would not address arguments about whether the Agreement is enforceable against Great Divide specifically but never contends it would be *barred* from making such arguments. There is merit to the idea that "[t]he interests of judicial economy are best served by first allowing the parties to litigate" enforceability against Great Divide before reasonableness of damages. (Doc. 33 at 13.) But it is also true that judicial economy would be best served if the same court addressed both of those questions. And there are strong reasons why the state court is best suited to do so, where it has invited Great Divide to intervene, where the issue of reasonableness overlaps, and where there will already be a factual record related to enforceability against Great Divide.

Minute Entry, *Namaste TAT Enters. LLC v. Supercool Servs. LLC*, No. CV 2022-094532 (Ariz. Super. Ct. Sept. 14, 2026).

**D. Other Considerations**

The parties' briefs devote little attention to considerations beyond those in *Brillhart*, so the analysis here will be similarly condensed. In short, none of these other factors outweigh the three "touchstone" factors already discussed. *Dizol*, 133 F.3d at 1225.

On "whether the declaratory action will settle all aspects of the controversy," *id.* at 1225 n.5, it is not prudent to resolve the entire matter in this new action when Great Divide could file or intervene in the state court, a forum better equipped to handle this dispute because of the record developed over four years that is already before it. *Beck*, 2017 WL 4284577, at *4. For the same reason, the court does not find compelling this action's effect of "clarifying the legal relations at issue." *Dizol*, 133 F.3d at 1225 n.5. Filing or intervening in state court would achieve the same effect.

As a "reactive" action, this suit attempts to acquire a "res judicata" advantage that may "result in entanglement between the federal and state court systems." *Id.* As the complaint makes clear, Great Divide seeks a declaration on the exact question the state court will answer in an upcoming reasonableness hearing (Doc. 21 at 20). *Beck*, 2017 WL 4284577, at *4.

Finally, regarding convenience to the parties and the availability and relative convenience of other remedies, it is more straightforward for Great Divide to simply intervene or file in state court instead of forcing parallel litigation in two separate court systems. Intervening in the state court proceeding would also save time and expense because of the existing factual record there. *Id.*

To sum up, each of the *Brillhart* factors favor abstention. Other additional considerations either tilt the same way or are insufficient to outweigh the *Brillhart* factors. The court therefore abstains from declaring the rights of the parties.

**E. Application for Entry of Default and Motion to Supplement**

Because the court declines to declare the rights of the parties, Great Divide's application for entry of default is denied. Defendants' motion to supplement their reply is denied as moot.

**IV. Conclusion**

The *Brillhart* factors compel this court to abstain from issuing any declaratory judgment in this action. Great Divide also requested leave to amend (Doc. 33 at 2), but it would be unable to allege any additional facts "consistent with" its current or prior complaint that would alter the analysis above. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (simplified). Granting leave to amend would be futile, so Great Divide's request is denied.

Accordingly,

**IT IS ORDERED** defendants' Motion to Dismiss (Doc. 30) is **GRANTED**. The First Amended Complaint (Doc. 21) is **DISMISSED WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** Great Divide's Application for Entry of Default (Doc. 31) is **DENIED**.

**IT IS FURTHER ORDERED** defendants' Motion to Supplement (Doc. 35) is **DENIED AS MOOT**. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 3rd day of November, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**